**SO ORDERED.**

**SIGNED this 12 day of September, 2007.**

_____
**A. Thomas Small
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                          CASE NO.

**MICHAEL ROBERT WELLS**                       04-03925-5-ATS

      **DEBTOR**

### ORDER DISMISSING SHOW CAUSE ORDER

The matter before the court is the show cause order entered on August 29, 2007, directing a representative of Cleveland Village, LLC, to appear to show cause why sanctions should not be imposed for collection actions taken after the debtor's discharge. A hearing took place in Raleigh, North Carolina on September 5, 2007.

Michael Robert Wells filed a petition for relief under chapter 7 of the Bankruptcy Code on October 29, 2004. Prior to the filing, the debtor, d/b/a Image Makers Graphic Designs, LLC, had entered into a lease agreement with Cleveland Village, LLC, d/b/a Peddler's Village Business Complex, for the rental of commercial space. The parties entered the lease agreement on July 10, 2002, for an initial term beginning July 15, 2002, and ending in 37 months, plus any time remaining in the end of the thirty-seventh month. As of the date of the debtor's bankruptcy filing, the debtor was in arrears to Cleveland Village under the lease agreement. Along with his bankruptcy petition, the debtor disclosed the existence of the unexpired

lease on his Schedule G, however, the debtor failed to include Cleveland Village as a creditor of the estate in his petition or in any of the schedules filed. As a result, Cleveland Village was not included in the creditor matrix and did not receive any notices associated with the bankruptcy filing.

The lease contained a renewal provision, which provided for an automatic one year extension of the lease term unless the lessee provided notice of an intent to vacate at least 90 days prior to the expiration of the current term. The debtor remained on the premises and did not provide any notice prior to August 31, 2005, when the initial term expired. Pursuant to the agreement, the lease term renewed automatically for an extended term set to expire August 31, 2006. The debtor remained on the premises and paid rent for some of the months during the first extended term, until he abandoned the premises on or about August 25, 2006, after receiving a notice of default from Cleveland Village on August 22, 2006. As the debtor had again failed to give notice of his intent to vacate, the lease term extended a second time, for an additional year ending on August 31, 2007. Cleveland Village subsequently obtained a Wake County District Court judgment in the amount of $34,927.32 against the debtor based on his breach of the agreement, representing unpaid rent and other amounts due under the lease.

In the meantime, the debtor received his bankruptcy discharge on December 31, 2005. The debtor's bankruptcy case was reopened on August 16, 2007, for the court to hear this matter. The debtor obtained a show cause order on August 29, 2007, directing Cleveland Village to show cause why it should not be sanctioned for violating the discharge injunction of 11 U.S.C. § 524(a)(2). Cleveland Village contends that the debt was not discharged because the debtor's failed to list Cleveland Village as a creditor in his bankruptcy petition. The court agrees with Cleveland Village, and the show cause order will be dismissed.

Section 524(a)(2) of the Bankruptcy Code provides that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2). However, in order for a personal liability to be discharged, the debtor must first file a list of creditors in conjunction with his bankruptcy petition. 11 U.S.C. 521(a)(1)(A). Pursuant to Bankruptcy Rule 1007, this list must be provided with the petition or within 15 days of filing the petition. Fed. R. Bankr. P. 1007(c). The Bankruptcy Code further provides that

> [a] discharge under section 727 . . . does not discharge an individual debtor from any debt . . . neither listed nor scheduled . . . with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit . . . timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing[.]

11 U.S.C. 523(a)(3)(A). There is no evidence that Cleveland Village had actual notice of the filing.

Even though the debtor scheduled the unexpired lease in the appropriate part of his petition, he failed to list or schedule Cleveland Village as a creditor of the estate. Consequently, Cleveland Village was not included in the creditor matrix and did not receive notice of the debtor's bankruptcy filing, the proof of claim deadline, or any other aspect of the debtor's case. In addition, it appears that Cleveland Village only learned of the debtor's bankruptcy filing on December 4, 2006, when it received notice of the bankruptcy discharge filed in the state court proceeding. Thus, the debtor's liability for the pre-petition arrearage was not discharged. Further, because the debtor remained on the premises without providing notice of any intent to vacate, his lease renewed automatically (twice), and he is liable for the missed payments during the first extended term, as well as the payments due for the second extended lease term. The amount due for the second extended term is subject to reduction for months in which Cleveland Village

mitigated its damages by leasing the premises to a new tenant, as well as any security deposit paid by the debtor.

At the hearing, the debtor argued that because the trustee neither assumed nor rejected the lease, the lease was "deemed rejected" under § 365(d)(1) of the Bankruptcy Code. It has been said that "[t]he effect of rejection [of an unexpired lease] is one of the great mysteries of bankruptcy law." In re Henderson, 245 B.R. 449, 453 (Bankr. S.D.N.Y. 2000). Many who have voiced this viewpoint are referring to the often difficult determination regarding whether an executory contract has been assumed, rejected, or deemed rejected under the Code, and if so, whether it has been terminated and what, if any, property interests remain among the parties. However, it is not necessary to delve into this question in this case because the debtor contends that the lease was not terminated. Although the lease continues, because Cleveland Village did not have the opportunity to participate in the bankruptcy case, the debt was not discharged.

The court cannot calculate the debtor's liability under the lease, however, as the amount depends upon mitigation, the security deposit, and other such factors. Cleveland Village may continue to pursue its remedies under its judgment, but must give credit for damages that have been mitigated and interest that has been miscalculated. Any dispute concerning the state court judgment, including calculation of interest and any reduction in damages for mitigation or other factors, should be resolved in state court.

Accordingly, the debtor's liability to Cleveland Village under the lease agreement is nondischargeable, and the show cause order is **DISMISSED**.

**SO ORDERED**.

**END OF DOCUMENT**